IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VIRGINIA A. ELDER                                                           PLAINTIFF

v.                          Civil No. 05-2180

MARK FORD, Attorney                                                        DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 12, 2005, plaintiff submitted this civil rights suit for filing pursuant to 42 U.S.C. § 1983. Along with the complaint, she submitted an application to proceed *in forma pauperis* (IFP). The complaint was provisionally filed subject to a later determination of the plaintiff's status as a pauper and a determination of whether defendant should be served.

### BACKGROUND

On March 10, 2003, the plaintiff, Virginia A. Elder, retained, the defendant, Mark Ford, an attorney, to represent her in connection with an automobile accident that occurred on March 7, 2003. According to Elder, she was rear-ended by Alma L. Boyd (a/k/a Alma Farmer) on exit ramp of Interstate 540.

On September 26, 2003, Ford filed suit against Boyd. On January 20, 2004, a "default judgment" was granted Elder. A hearing was held on October 6, 2004. Elder maintains Ford "guaranteed" her that she would receive a money judgment against Boyd for costs incurred and all other proper relief. Elder indicates evidence regarding her chronic injury was "suppressed and not presented to the courts on the record so the judge could consider the plaintiff['s] physician['s] diagnosis." Elder was awarded $5,374.09. Elder appealed but the judgment of the trial court was affirmed.

Elder states that on appeal her first three arguments regarding the legal services rendered by her attorney were found not to be preserved. These arguments were: (1) although she was

granted a default judgment, her attorney made no attempt to recover the award; (2) her attorney failed to file her medical bills with the insurance company which resulted in her being sued; and (3) her attorney should have filed a motion for continuance until her physician could assess her injury and determine the duration of treatment and level of disability.

Elder alleges Ford committed legal malpractice, was negligent, breached their contract, and committed fraud, theft, and breach of fiduciary duty. She also maintains he intentionally violated her rights to Due Process as guaranteed by the United States Constitution. Finally, she maintains he violated the State of Arkansas' "right to recover under [her] husband['s] medical insurance payments (subrogation) from a third party cause from the accident."

## DISCUSSION

We first turn to an examination of Elder's application to proceed IFP. On her application, Elder indicates she has $1,600 in savings and $50 in her checking. She has also listed as assets a 2005 Trailblazer, although she indicates this has a note, of an unspecified amount, on it, and a 1992 Isuzu truck.

Section 1915(a)(1) permits the court to authorize the commencement of an action or appeal without the prepayment of fees by a person who submits an affidavit of indigency. 28 U.S.C. § 1915(a)(1). "[P]roceeding IFP in a civil case is a privilege, not a right–fundamental or otherwise." *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998). While a person should not be denied the opportunity to proceed IFP under 28 U.S.C. § 1915(a) because he or she is not "absolutely destitute," *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40, 69 S. Ct. 85, 93 L. Ed. 43 (1948), if a person has sufficient funds to pay the filing fee, the application to proceed IFP should be denied. *See e.g., Ward v. Werner*, 61 F.R.D. 639 (M.D. Pa. 1974).

In this case, we believe Elder has sufficient resources to pay the filing fee of $250.00. Based on the information provided in the application to proceed IFP, the application should be denied.

Second, this case is subject to dismissal because it is frivolous. As part of the application to proceed IFP, we conduct a preliminary review of the claims to determine if the action is subject to dismissal for the reasons specified in the statute. Specifically, section 1915(e)(2) in pertinent part provides that "the court shall dismiss the case . . . if the court determines . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted."

"[I]n any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Private attorneys do not act under color of law and are not subject to suit under § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Ford was not acting under color of state law while representing Elder in her civil proceeding. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *DuBose*, 187 F.3d at 1002-1003 ("[C]onduct of counsel generally does not constitute action under color of law."); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980)("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim."). There is no other basis for federal court jurisdiction.

## CONCLUSION

Accordingly, I recommend the following: (1) Elder's request to proceed IFP be denied; and (2) her § 1983 claims be dismissed as they are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). As no other basis of federal jurisdiction exists, the case should be dismissed.

**Elder has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Elder is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 29th day of December 2005.

                                          /s/ Beverly Stites Jones
                                        UNITED STATES MAGISTRATE JUDGE